**IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION**

JAMES LONG,                         )
     Plaintiff,                    )
                                    )
                                    )
                                    )
vs.                                 )    CIVIL ACTION NO.: 1:07-CV-581-MHT
                                    )
                                    )
                                    )
COMMANDER KEITH REED, et al.,       )
     Defendants.                   )

<u>PLAINTIFF'S OBJECTIONS TO THE
SPECIAL REPORT AND ANSWER
OF THE DEFENDANTS'</u>

    COMES NOW the Plaintiff, James Long, in the above styled

cause and objects to the Special Report And Answer of the

Defendants'.  In support thereof, the following is submitted:

1.    Plaintiff James Long has stated a claim against each of the

Defendants for several violations of his Constitutional rights,

state law violations, and violations of administrative regulations.

    The supporting facts are specifically stated and set out

in Plaintiff's Affidavit.  See Exhibit No.:__1__ .  And witness

Affidavit.  See Exhibit No.:__2__ , Affidavit of Robert Conner.

Also the supporting facts can be gleaned from the original

complaint and medical reports and documents, inmate grievances

filed, and the inmate  Sanction/Restriction Documination.

2.    Plaintiff James Long had the Constitutional right to bodily

privacy and "...a special sense of privacy in their genitals,

and involuntary exposure of them in the presence of people of

the other sex may be especially demeaning and humiliating."

See <u>FORTNER V. THOMAS</u>, 983 F. 2d 1024, 1030 (11th Cir. 1993).

Body cavity searches are explained in the Supreme Court case, BELL V. WOLFISH, 441 U.S. 520, 99 S. Ct. 1861, 60 L. Ed. 2d 477, (1970), wherein it stated... the basic test for the constitutionality of a search that invades the integrity of an inmates body is reasonableness.

"In each case [the Fourth Amendment] requires a balancing of the need for the particular search against the invasion of personal rights that the search entails. Courts must consider the scope of the particular intrusion, the manner in which it is conducted, the justification for initiating it, and the place in which it is conducted." WOLFISH, 441 U.S. at 559, 99 S. Ct. at 1884.

The facts as presented in this case show the use of excessive force and an unreasonable body cavity search for tobacco in which James Long was physically assaulted, physically injured, mentally raped and humiliated by all of the Defendants.

3.   Many of the boilerplate defenses alleged by the Defendants are not applicable to this lawsuit, i.e. the Ninth Defense, Thirteenth Defense, Eighteenth Defense, Nineteenth Defense, Twentieth Defense, Twenty-Second Defense, Twenty-Third Defense, Twenty-Fourth Defense, Twenty-Fifth Defense, Twenty-Sixth Defense, and Thirty-Sixth Defense.

Many of the boilerplate defenses are redundant and/or a restatement of the defense previously stated.

4.   It is clear from the facts alleged by the Plaintiff James Long that the defendants are not immune from suit and damages because under HARLOW V. FITZGERALD, 457 U.S. 800, 102 S. Ct. 2727, 73 L. Ed. 2d 396 (1982), Government officials are entitled to immunity from damages "Insofar as their conduct does not

2

violate clearly established statutory or Constitutional Rights of which a reasonable person would have known."

The actions of the Defendants were clearly unreasonable and they knew what they were doing violated clearly establish law regarding the material facts as alleged by James Long, the Plaintiff.

5.   These are material disputes as to facts which make an issue of facts that would preclude summary judgement, and would establish a genuine issue for trial.  See CELOTEX CORP. V. CATRETT, 477 U.S. 317, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).

James Long has submitted facts and evidence which would be the function  of the jury to decide upon as questions of fact for the jury.

6.   Plaintiff has stated an Eighth Amendment claim under excessive force used, cruel and unusual punishment, denial of medical care under deliberate indifference standard pursuant to ALBERS V. WHITLEY, 743 F. 2d 1372  (9th Cir. 1984) and see UNITED STATES V. SMITH, 774 F. 2d 1005 (10th Cir. 1985) (held that prison Warden's authorization of rectal search of inmate was not supported by reasonable belief that inmate was concealing contraband).  Also UNITED STATES V. CALDWELL, 750 F. 2d 341 (5th Cir. 1984) (rectal search of inmate ).

7.   Plaintiff James Long has submitted several exhibits which support his allegations and show that there is a material dispute as to facts.  The Defendants have not submitted any written rules which the lack of only opens the door for abuse and arbitrary and capricious actions of these same Defendant's.

3

Wherefore, premises considered, James Long prays for a jury trial and any further relief the Court deems just and equitable.

Respectfully Submitted,

_James Long_
James Long, Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing was mailed to the below listed parties by placing the same in a pre-paid postage and properly addressed envelope and depositing the same in the U.S. Mail on: _12-07-07_ .


_James Long_
James Long, Plaintiff


SERVICE TO:

Hon. Terry F. Moorer
United States Magistrate Judge
Office Of The Clerk
U.S. District Court
P.O. Box 711
Montgomery, AL 36101-0711

Hon. Gary C. Sherrer
Sherrer, Jones  & Terry, P.C.
Attorney At Law
335 West Main St.
Dothan, AL 36301

Ⓝ

## INMATE REQUEST FORM

Date: 4-18-07                         INMATES # 55631

To: nurse Ashley                      C/O SIGNATURE ___

From: James Long                      SR C/O SIGNATURE ___

NATURE OF REQUEST___ mrs. Ashley as you know I was given a Cavity Search yesterday and have ask to See nurse since. I'm bleeding through my Anas and have severe pain please get me some help.

Thank you — James Long

ACTION TAKEN ___

seen 4/18/07

Exhibit No.# (13.)

USBP/ Reorder #12055 (8/06)

---

Exhibit No.# (14.)

## INMATE REQUEST FORM

Date: 4-24-07                         INMATES # 55631    Ⓝ

To: medical                           C/O SIGNATURE ___

From: James Long                      SR C/O SIGNATURE ___

NATURE OF REQUEST___ I need to talk to and see Counsler. I keep having nightmares and dreams that I'm going through the Same ordeal. Please let me talk to Someone who Can help. Also I sent request for blood work. because I do have hepatidias B.

ACTION TAKEN ___

BPI Reorder #12055 (8/06)

Exhibit No.# (14.)

*Exhibit No.# (4.)*

# Inmate Sanction/Restriction Documentation

| | | | |
|---|---|---|---|
| Inmate Name: Long, James | Date: 4-14-07 | Inmate Number: 55651 | |
| Pod Location: M-17 | Pod/Cell Inmate moved to (If Applicable): | | |

| Type of Restriction/Sanction: | | Date to Begin / Date to End |
|---|---|---|
| _____ WKS ( ) Suspension of Commissary Privileges | | _____ / _____ |
| _____ WKS ( ) Loss of Visitation Privileges | | _____ / _____ |
| _____ DAYS ( ) Minimum 72 Hours Cell Restriction | | _____ / _____ |
| (✓ Other 3 weeks 4-14-07 TO 5-5-07 | | |

Note: The Sgt. / Asco must be notified immediately of any Sanction/Restriction applied to inmates and must countersign this form. Fill in the area below with a full and complete explanation of reasons for Sanction/Restriction. Appeal form must be sent back to Disciplinary Sgt. within 24 hours. If appeal form is not received within the 24 hour period it will be thrown out.

| Officer Requesting Sanction/Restriction | Officer Authorizing Sanction/Restriction |
|---|---|
| Rge | 4-14-07 |

At Approximately 1410 hours Inmate Long was found to be in possession of 18 blunt cigerettes and one role-up cigerette.

According to Rule No 9- No inmate will possess or attempt to possess contraband either on his/her person, cell, or under his/her control to include testing positive for drugs or Alcohol.

| Signature of Sgt. / Asco |
|---|
| Sgt. Reynolds |

Revised 2/26/2007
W.B. McCarty / Jail Commander

*Exhibit No.# (4.)*

#1

*Exhibit No.# 14*



## Inmate Sanction/Restriction Documentation

Inmate Name: Turner, Kevin mek  Date: 4-14-07  Inmate Number: 35977

Pod Location: M-17  Pod/Cell Inmate moved to (If Applicable): _____

| Type of Restriction/Sanction: | Date to Begin / Date to End |
|---|---|

_____ WKS  ( )  Suspension of Commissary Privileges   _____ / _____

_____ WKS  ( )  Loss of Visitation Privileges   _____ / _____

_____ DAYS ( )  Minimum 72 Hours Cell Restriction   _____ / _____

(✓) Other  3 week  4-14-07  TO  5-4-07

Note: The Sgt. / Asco must be notified immediately of any Sanction/Restriction applied to inmates and must countersign this form. Fill in the area below with a full and complete explanation of reasons for Sanction/Restriction. Appeal form must be sent back to Disciplinary Sgt. within 24 hours. If appeal form is not received within the 24 hour period it will be thrown out.

| Officer Requesting Sanction/Restriction | Officer Authorizing Sanction/Restriction |
|---|---|
| Dgh | 4-14-07  afor |

At Approximately 1410 hours Inmate Turner was found to be in possession of 18 blunt cigarettes and one rolled-up cigarette.

According to Rule No 9, N/A inmate will possess or attempt to possess contraband either on his/her person, cell or under his/her control to include testing positive for drugs or Alcohol.

| Signature of Sgt. / Asco |
|---|
| Sgt. Reynolds |

Revised 2/26/2007

W.B. McCarty / Jail Commander

*Exhibit No.# 14*

*Exhibit No.# 15.)*

### DATE APPEAL SENT:    4/14/2007

### NOTICE OF APPEAL FOR INMATE SANCTION/RESTRICTION

INMATE NAME:    TURNER, KEVIN    HCJ#: 55977    POD:    M

Date filing appeal: _4-14-07_

On _4-14-07_ 2007, an Inmate Sanction/Restriction was written by Officer _Dye_

Charging inmate _Kevin Turner_ _55977_, with a violation of Houston County Jail Rules and Regulations # _9_

The circumstances of the violations are: _I was caught red handed with my cigaretes they were mine not my cellmates_

The sanction found me to be guilty/not guilty of a major/minor offense. Punishment was set at: _____

I wish to appeal the decision because: _My cellmate had nothing to do with the possession of the tobacco the tobacco was mine I tried to get him to throw it away he gave it_

***************DO NOT WRITE BELOW THIS LINE---ADMINISTRATION USE ONLY***************

On the _15_ day of _April_ , 2007, an appeal of the Sanction/Restriction taken against

inmate _Turner, Kevin_ was reviewed by _Sgt. ____ , and the following

action was taken:    APPEAL APPROVED    (APPEAL DISAPPROVED)    OTHER ACTION TAKEN:

Basis for approval/disapproval of appeal: _Tobacco was found in the cell both inmates are responsible Sgt. ____

*************************************************************************************

I hereby certify that a complete copy of the foregoing appeal was served on the above named inmate on the

_15_ day of _April_ , 2007.

_Sgt. ____
**Officer Signature**

INMATE SERVED COPY (YES)

*Exhibit No.# 15.)*

*Exhibit No.* (5.)

**DATE APPEAL SENT:**   4/14/2007

**NOTICE OF APPEAL FOR INMATE SANCTION/RESTRICTION**

**INMATE NAME:**   **LONG, JAMES**   **HCJ#:** 55651   **POD:** M

Date filing appeal:   4-14-07

On 4-14 - 2007, an Inmate Sanction/Restriction was written by Officer   Dye

Charging inmate James Long 55631, with a violation of Houston County Jail Rules and Regulations # 9

The circumstances of the violations are: It was roll in time and I went to my cell, after rolling in officer Dye and officer Culver came to me ⟶

The sanction found me to be guilty/not guilty of a major/minor offense. Punishment was set at: 3 wks

I wish to appeal the decision because: I was not guilty of anything, I have not had Commissary or anything else to even have anything much less a Ciggerette, and my cell mate even tried to take

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*DO NOT WRITE BELOW THIS LINE—ADMINISTRATION USE ONLY\*\*\*\*\*\*\*\*\*\*\*\*\*\***

On the 15 day of April , 2007, an appeal of the Sanction/Restriction taken against

inmate Long, James was reviewed by Sgt. 2l , and the following

action was taken:   APPEAL APPROVED.   (APPEAL DISAPPROVED)   OTHER ACTION TAKEN:

Basis for approval/disapproval of appeal: Mr Long you have been an inmate long enough to know that if contraband is found in the cell both inmates are responsible. However follow the rules just be glad you weren't charged for it. Sgt. 2l

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

I hereby certify that a complete copy of the foregoing appeal was served on the above named inmate on the

15 day of April , 2007.

Sgt. 2l                                    INMATE SERVED COPY (YES)
**Officer Signature**

*Exhibit No.* (5)

# INMATE GRIEVANCE FORM

DATE: _11-15-07_____, 2007    POD/CELL LOCATION: _11-17_ *Exhibit No.# 16.)*

INMATE NAME: _Turner Long_____    INMATE NUMBER: _5-651_

NATURE OF GRIEVANCE OR INFORMATION: _I was given a sanction on 4-14-07_
_for rule # 9 along with my cell mate Kevin turner. the tobacco_
_was not mine and was not on me, my cell mate had it on him_
_and tried to tell officer Dye and also stated in his appeal_
_that I had no knowledge of it and it was all his and on_
_his person, even though this info. was provided Sgt. Kinsey still denied_
_my appeal. Also there was a Due process violation on the sanction_
_that stated 3 wks, 3 wks what. also I have a Conflict of Interest_

WHAT DO YOU WANT TO HAPPEN TO SOLVE IT? _I want Jail Commander Keith Reed_
_to Come and talk with my Cell mate and I, so he can see_
_I'm not guilty of rule # 9. Also I want all my privileges_
_reinstated, and all this sanction abolished from my_
_jail records. If I'm gona be charged with something_
_I didn't do I want a free world charge for it so_
_I can have a fair ~~xxx~~ hearing, I want Sgt. Kinsey to_
_leave his grudges at home. thank you_

OFFICER RESPONSE OR FINDING? _____

_____

_____

_____

_____

_____

SGT. ON DUTY RESPONSE: _____

_____

_____

_____

_____

_____

_____

_____

_____

* * * * * * * * * * * * * DO NOT SIGN UNTIL YOU HAVE READ RESPONSE * * * * * * * * * * * * * *

DATE GRIEVANCE RETURNED: _____

CORRECTIONS OFFICER SIGNATURE: _____

INMATE SIGNATURE: _____ *Exhibit No.# 16.)*

Exhibit No.#(7.)



see mouth Diagram

Redness

Redness

Ym Claims no feeling in thumb

Exhibit No.# (8.)



Exhibit No.# (8.)

Exhibit No.# (8.)



1/m James Long 4/07

Exhibit No.# (8.)



*Exhibit No.#/10.)*

# HOUSTON COUNTY SHERIFF'S DEPARTMENT
## MEDICAL CLINIC
### ANDY R. HUGHES, SHERIFF

June 11, 2007

To: Records, SGT. Davis
From: Houston County Jail Clinic

Re: Long, James #55631

This inmate is currently housed at the Houston County Jail with a diagnosis
of Bipolar Schizophrenia with psychotic features. Inmate has also been
diagnosed with seizures . Inmate has been on Risperdal 2 mg, Lamictal 25mg,
and Vistaril 50mg three times a day.

I have been informed that this inmate is now a State Inmate, perhaps you can
facilitate his transfer to the State facility.

Your assistance in this matter is greatly appreciated.

*Ashley Kennedy LPN*
Ashley Kennedy, LPN

*Exhibit No.# /10.)*

*Exhibit No.* # (11.)

## PHYSICIAN ORDERS

INMATE Long, James 552631 N

DATE 552631 3/21/07

Bottom Brunk Profile
a/t Seizures.

— clinic —

*Exhibit No.* # (11.)

*Exhibit No.# (12)*

## HOUSTON COUNTY JAIL
### INFIRMARY

#### SICK CALL

D. SPEIGNER CRNP                          DR. 9AM DANNER

DATE 4-18-07

Inmate Long, James        D.O.B. 5-7-72    JIM# 55631

Chief
Complaint Allergic reaction

Allergies NKDA                    V/S 154/86, 82,
                                     O² 100%

S: "I need you to do a "body chart" on me please. I have blood in my stool now. I'm hurting very badly. I refused a cavity search that was performed anyway. I am very sore. I also have a rash all over me. my joints (shoulderblades & groin hurt)

O: See Body & mouth Diagream. Y/m had cavity search on 4/17/07. Y/m was accused of having cigarettes hidden in Rectum. Red red small bumps on legs & arms. Front ④ tooth c no evidence of chipping. Y/m upset. Angry c the sgts & commander. Very verbal. Using bad language.

A: R/O

P: Sent specimen cup back c Y/m to collect stool specimen.
Dyenit i po BID x14d. V.O. Dr. Banner/ A. Kennedy RN
See Dr. Banner for medication adjustment.

*Exhibit No.# (12)*

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

JAMES LONG, #55631                        )
    Plaintiff,                            )
                                          )
                                          )
                                          )
vs.                                       )   CIVIL ACTION NO.:1:07-CV-581-MHT
                                          )
                                          )
                                          )
COMMANDER KEITH REED, SERGEANT            )
CARL KIRKSEY, CO WILLIAM MOORE,           )
CO ROBERT PETTIE, CO NICKY                )
SEVERSON, and CO FRANCIS                  )
BERNARD,                                  )
    Defendants.                           )

<u>AFFIDAVIT</u>

STATE OF ALABAMA,

BIBB COUNTY.

    Before me, the undersigned authority, a notary public, in
and for said County and State at large, did personally appear;
**James Long,** who is known to me, and after first being duly sworn,
deposes and says as follows:

    My name is **James Long** and I am over nineteen, (19), years
old and fully competent to make this Affidavit which is based
upon my personal knowledge of the facts stated herein.

    On or about April 14, 2007 my cellmate at Houston County
Jail, Kevin Turner, and myself received a sanction for violation
of rule No.19;"No inmate will possess or attempt to pass any
contraband." My cellmate, Kevin Turner, was caught with possession
of cigarettes and both of us were written up for the same "Possession
of Contraband" and given twenty-one (21) days in segregation lock
up by Sgt. Kirksey.  See Exhibit No.: 4

1

EXHIBIT No: 1

Thereinafter, inmate Turner informed the CO's that the contraband, which was found in his possession, was his contraband and that inmate Long had no knowledge of the cigarettes prior to the finding of inmate Turner in possession of the cigarettes.

On April 14, 2007, inmate Kevin Turner and myself filed a Notice Of Appeal for Inmate Sanction/Restriction. See Exhibit No.: _5_ . In this appeal, inmate Turner once again stated that the cigarettes were his and that I had no prior knowledge of them. Both appeals were denied on April 15, 2007 by Sgt. Marsh.

On April 15, 2007 I filed an Inmate Grievance Form to Commander Keith W. Reed, See Exhibit No.: _6_ . In this grievance I stated that I was wrongfully accused of 'Possession of Contraband' and that I had evidence to support this claim. I also informed Commander Reed that I had followed the proper procedures for appealing my sanction. I also informed Commander Reed that Sgt. Kirksey had a grudge against me.

Thereafter the filing of my grievance, Sgt. Kirksey verbally threatened me in the presence of inmate Turner, stating 'To watch what I write.' See Exhibit No.: _3_ , Sworn Affidavit of Kevin Turner. Sgt. Kirksey also stated that 'He was going to make my time hard.' And that he didn't like me. This verbal threat was overheard by inmate Robert Conner. See Exhibit No.: _2_ , Sworn Affidavit of Robert Conner.

On April 17, 2007 CO Gaff came to the cell block claiming he smelled cigarette smoke. CO Gaff proceeded to search inmate Shelley and found two packs of cigarettes in his shoe.

Inmate Shelley's shoes were just delivered to him by his

2

girlfriend. Only after being questioned and threatened that
his girlfriend would be charged with 'promoting prison contraband'
did inmate Shelley change his story and claimed that it was
inmate Long's girlfriend that brought the shoes. And that the
cigarettes were Long's.

After this, CO Gaff came to my cell and proceeded to search
it for contraband. No contraband was found as a result of the
search. After the search, CO Gaff stated, 'You know you have
someone here that doesn't like you.' When I asked CO Gaff 'Who?',
he stated 'Sgt. Kirksey.'

Approximately forty-five (45) minutes later, CO Gaff returned
to my cell and told me to pack up, that I was being moved per
order of Sgt. Kirksey. I was placed in another cell with an
inmate that told me that Sgt. Kirksey told him that if I got
out of line, that he was to keep me straight.

Approximately forty-five (45) minutes after being moved to
the new cell, Sgt. Kirksey came to my cell and told me to come
with him. I asked Sgt. Kirksey where we were going and he stated,
"I told you I would make your time hard. You'll see." We
walked up the hall to the Health Care Unit (H.C.U.). Once
inside, Sgt. Kirksey had a private conversation with Nurse GAil
Neiswanger. Thereafter, Nurse Neiswanger came to where I was
standing and told me that Sgt. Kirksey wanted her to perform a
cavity search on me. Nurse Neiswanger informed me that it
was the belief of Sgt. Kirksey that I had cigarettes inside me.
I informed Nurse Neiswanger that I did not have any cigarettes
inside me and that Sgt. Kirksey was doing this only to humiliate
me and that I did not want a cavity search performed. Nurse

Neiswanger informed Sgt. Kirksey that I was refusing a body search and that she could not perform a cavity search against my will.

After my refusal, I was taken back to a dry cell and was held there for approxiamately twenty (20) minutes until Sgt. Kirksey returned with Commander Reed, CO Moore, CO Severson. Commander Reed asked me what was going on and I informed him that Sgt. Kirksey wanted to perform a cavity search of me and I had refused because I had nothing in me. And that I felt that Sgt. Kirksey was using his authority to belittle me for no reason.

Commander Reed said to me, "It may be against my consent and my rights, but they are going to perform the cavity search and it can be done the easy way or the hard way." I once again informed Commander Reed that I had nothing inside me and that I did not want a cavity search.

CO Moore then handcuffed my hands behind my back using Sgt. Kirksey handcuffs since CO Moore did not have any. My cloths were then stripped from me and I was standing there when Sgt. Kirksey walked behind me and applied pressure to the handcuffs, tightening them down hard on my wrists to the point that I was in pain and circulation was cut off to my hands.

I was then shoved down the hall to H.C.U., where once inside I was picked up by Sgt. Kirsey, CO Moore, CO Severson, and CO Pettie and was slammed face down on an examination bed. At this time I begged them to please stop.

At this time, my legs were pried apart by the Defendants to the point that my left hip popped out of socket. At the same

4

time, Sgt. Kirksey and CO Severance pushed my still handcuffed hands to the back of my neck, subsequently dislocating my right shoulder. Nurse Neiswanger proceeded to insert a finger into my rectum and probe around. After Nurse Neiswanger finished with the rectal exam, she excused herself from the room. After Nurse Neiswanger left the room, Sgt. Kirksey started to point and play around my rectum, making vulgar statements such as, "Ha, Ha! You could fit a 2x4 in his ass now." All the Defendants present at that time started laughing about Sgt. Kirksey foregoing remarks.

I told Sgt. Kirksey at this time that if this was happening to him, it would not be funny. I also informed him that I was going to pursue the violations of this matter. At this time, Sgt. Kirksey elbowed me in the left side of my mouth, busting my lip and chipping my front tooth. See Exhibit No.: _7_, Body Chart; Exhibit No.: _8_, Photos of Mouth; Exhibit No.: _9_, Mouth Chart.

Nurse Neiswanger returned to my examination room and at this time the Defendants that were holding me proceeded to start to pry me apart for yet another exam. Because of the pain and humiliation of the first exam/rape, I feared another violation/ assault and therefore, told them that I would give up the contraband if they would leave me alone. When I told them this, they picked me up and placed me on a toilet. I was told to hurry up and give up the contraband. Once again, I tried to explain and plead with Nurse Neiswanger to please stop this, that I had nothing in me.

I was then placed back on the bed after not passing anything and told to lay on my side. I complied with this order and Nurse

Neiswanger proceeded to run a hose into my rectum and administer an enema. I was then placed back on the toilet and I had a bowel movement. There was no cigarettes in my bowel movement but the Defendants were still not satisfied. I was taken back to a dry cell and given a bed pan to use while still being handcuffed from behind. Because of having to use a bed pan and still being handcuffed, feces was sprayed all over my hands while I had three (3) bowel movements.

During my time of being held in the dry cell, I had a seizure and I asked the Defendants to let me see a nurse or a doctor or to allow me to receive medication for my seizure illness. See Exhibit No.: _10 ¢ 18_. But I was denied any and all medical treatment for my seizure.

During this time, I had not eaten in about ten (10) hours. When taken back to the dry cell, I asked CO Severson if he could unhandcuff me. He responded by saying that Sgt. Kirksey would not allow it. At approxiamately 8:45 pm, CO Severson brought me a food tray for me to eat. I asked CO Severson if I could be unhandcuffed and if I could wash my hands because of the feces on them before I ate. Co Severson unhandcuffed me but informed me that Sgt. Kirksey would not allow me to wash my hands. Therefore, I refused to eat.

Approxiamately fifteen (15) minutes later I was removed from the dry cell by CO Severson and CO Moore and taken to the intake showers were I was sprayed down with de-licer and washed and then placed back in my lock up cell.

When placed in the lock up cell, I was denied a bottom rack even though I had a history of seizures and a medical

6

Profile for a bottom rack.  See Exhibit No.: _11_ .

Since the cavity search/violation, I have submitted numerous request for medical treatment stemming from the cavity search/violation.  From blood in my stool, See Exhibit No.:_12 & 13,_ to allergic reactions and rashes, See Exhibit No.: _12_ , to pain in my shoulders and legs, See Exhibit No.:_2 15 18,_ to psychological problems that include nightmares of re-living, SEE Exhibit No.: 14 the violation/rape that I endured at the hands of the Defendants. And yet all of these requests for medical treatment have been denied.

As a result of the cavity search, administration of the enema and the three (3) bowel movements, no contraband of cigarettes were found in my rectum or in my stool and no sanctions or disciplinary action was ever taken against me stemming from the cavity search and the so called "possession of contraband".

_James Long_
James Long, plaintiff

7

STATE OF ALABAMA,

BIBB COUNTY.


Before me, the undersigned authority, personally appeared **James Long,** who being sworn by me according to law, deposes and states that the matters and things alleged in the above Affidavit are true and correct to the best of his information, knowledge and belief.

Sworn to and subscribed before me on this the ___6___ day of ~~November~~ December, 2007.

_Laura Hines_
Notary Public


My Commission Expires: _9-1-2010_

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

JAMES LONG, #55631 )
    Plaintiff, )
                 )
                 )
                 )
vs. )   CIVIL ACTION NO.:1:07-CV-581-MHT
                 )
                 )
                 )
COMMANDER KEITH REED, SERGEANT )
CARL KIRKSEY, CO WILLIAM MOORE, )
CO ROBERT PETTIE, CO NICKY )
SEVERSON, AND CO FRANCIS BERNHARD )
    Defendants. )

AFFIDAVIT

STATE OF ALABAMA,

BIBB COUNTY.

    Before me, the undersigned authority, a notary public, in and for said county and State at large, did personally appear; **Robert Conner,** who is known to me, and after first being duly sworn, deposes and says as follows:

    My name is **Robert Conner** and I am over nineteen, (19), years old and fully competent to make this Affidavit which is based upon my personal knowledge of the facts stated herein.

    I, Robert Conner, was housed in M-Pod in the Houston County Jail along with the Plaintiff, James Long and inmate Kevin Turner. On or about April 14, 2007 I witnessed CO Dye and CO Culver shake down or search the cell of Long and Turner.

    The search of inmates Long and Turner cell by CO Dye and Culver turned up a cigarette and several cigarette butts.  Inmate Turner informed CO Dye and Culver that the cigarettes were his and inmate Long had no prior knowledge of them.

1

EXHIBIT No.: 2

Because of this search and the finding of cigarettes, both Long and Turner were given sanctions and placed in lockdown.

Inmate Long informed me that he felt that Sgt. Kirksey was out to get him because he wouldn't listen to the facts behind the sanction.

On another instant, I overheard Sgt. Kirksey tell inmate Long that he would make his time there as hard as possible.

On or about April 17, 2007 CO Gaff came to our cell block claiming he smelled cigarette smoke. CO Gaff proceeded to search inmate Shelley and found two packs of cigarettes in his shoe.

Inmate Shelley's shoes were just delivered to him by his girlfriend. Only after being questioned and threatened that his girlfriend would be charged with "promoting prison contraband" did inmate Shelley change his story and claimed that it was inmate Long's girlfriend that brought the shoes. And that the cigarettes were Long's.

At this time, inmate Long was still in a lockdown cell when CO Gaff proceeded to search inmate Long cell and person and found no cigarettes.

Approxiamately 45 minutes later, inmate Long was moved from his cell and Sgt. Kirksey came to M-Pod, the pod that I was in, and removed inmate Shelley. Upon inmate Shelley being returned to M-Pod, inmate Shelley informed me that he had blamed everything on inmate Long.

A few minutes after this conversation, I witnessed Sgt. Kirksey escorting inmate Long down the hall to H.C.U.

Robert Conner

2

STATE OF ALABAMA,

BIBB COUNTY.

Before me, the undersigned authority, personally appeared
**Robert Conner,** who being sworn by me according to law, deposes
and states that the matters and things alledged in the above
Affidavit are true and correct to the best of his information,
knowledge and belief.

Sworn to and subscribed before me on this the _6_ day
of ~~November~~ *December*, 2007.

_____
Notary Public

My Commission Expires: 9-1-2010

3